# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| D.R. Horton, Inc., | ) |
|                 Plaintiff, | ) C.A. No.: |
| vs. | ) |
| Frankenmuth Mutual Insurance Company and Main Street America Assurance Company | ) |
|                 Defendants. | ) |

NOW COMES Plaintiff, D.R. Horton, Inc., by and through its undersigned counsel, and complaining of Defendants herein, Frankenmuth Mutual Insurance Company and Main Street America Assurance Company, alleges as follows:

## PARTIES

1. Plaintiff, D.R. Horton, Inc. (hereinafter "DRH" or "Plaintiff"), is a Delaware corporation licensed to do business in South Carolina and owning property and conducting business in Spartanburg County, South Carolina.

2. Defendant, Frankenmuth Mutual Insurance Company (hereinafter "Frankenmuth" or "Defendant"), is a foreign insurer, which is authorized to conduct and so conducts the business of insurance in South Carolina and insures interests and risks in South Carolina, including Spartanburg County.

3. Defendant, Main Street America Assurance Company (hereinafter "MSA" or "Defendant"), is a foreign insurer, which is authorized to conduct and so conducts the business of insurance in South Carolina and insures interests and risks in South Carolina, including Spartanburg County.

4. This matter arises from a dispute concerning Frankenmuth's and MSA's obligations under insurance contracts that were issued to VL Concrete, Inc. (hereinafter "VL Concrete") and RL Grading, LLC ("RL Grading"), respectively, and under which DRH is an additional insured, and under which insurance coverage is provided concerning risks and interests arising within the State of South Carolina, including Spartanburg County.

5. More specifically, this matter arises from a dispute concerning Frankenmuth's and MSA's respective obligations to defend DRH in connection with a lawsuit alleging defects and resulting damages associated with the construction of several residences located within Spartanburg County, which lawsuit was commenced in the Court of Common Pleas for Spartanburg County, South Carolina and was ultimately dismissed with prejudice pursuant to settlement agreements between all parties thereto.

6. This Court has jurisdiction over the parties and the subject matter of this case, and venue is appropriate in Spartanburg County.

**GENERAL ALLEGATIONS**

7. DRH was a defendant in a lawsuit commenced in Spartanburg County, South Carolina styled *Ashley and Benjamin Remick v. D.R. Horton, Inc., et al.*, C.A. No. 2017-CP-42-03898, which ultimately settled during trial and was dismissed with prejudice ("the Lawsuit").

8. In the Lawsuit, Ashley Remick and Benjamin Remick (hereinafter "the Remicks") alleged property damage to a residence owned by them in the Duncan Station subdivision and located at 159 Sunny Ray Drive, Duncan, Spartanburg County, South Carolina (the "Residence" or the "Remicks' home"). The Remicks sued DRH as the general contractor of four residences ("the New Residences") on Cassie Marie Court in Duncan Station. The Remicks alleged that VL Concrete and RL Grading, working at the direction of DRH, poured concrete and moved dirt and

debris on the site of the New Residences in such a way as to cover and/or obstruct a drainage pipe such that it ceased to function properly, which caused storm water to back up in the Duncan Station drainage system and flood the Residence.

9. Construction commenced on the New Residences in 2016 and the Remicks alleged that their home flooded multiple times in 2017 and 2018.

10. In the Lawsuit, the Remicks alleged that the flooding resulted in damages including, but not limited to, loss of personal items, damage to the structure of the Residence, and damage to the landscaping, and the home becoming impossible to maintain and unusable.

### FACTUAL ALLEGATIONS SPECIFIC TO FRANKENMUTH

11. VL Concrete provided, among other things, labor and materials for the concrete foundation and driveway of the New Residences ("the Work"). VL Concrete performed the Work pursuant to an Independent Contractor Agreement between VL Concrete and D.R. Horton-Regent, LLC (a wholly owned subsidiary of DRH) dated March 31, 2014 (hereinafter "the VL Concrete Contract").

12. DRH, as corporate parent of D.R. Horton-Regent, is an affiliate of the same. VL Concrete performed subcontractor services, including work on the New Residences, for DRH pursuant to the VL Concrete Contract, and DRH is entitled to enforce the rights arising thereunder.

13. Pursuant to the VL Concrete Contract, VL Concrete was required to maintain a commercial general liability policy naming DRH as an additional insured.

14. As evidenced by the Certificate of Insurance, Frankenmuth issued a policy of commercial general liability insurance on an occurrence form to VL Concrete bearing policy numbers 6342828 and CPP6342828, and having effective periods between December 7, 2016 and

renewed through December 7, 2018, and under which DRH, and its affiliates and subsidiaries, were named as additional insureds (hereinafter "the Frankenmuth Policy").

15. The Frankenmuth policy obligates Frankenmuth to defend an insured against a claim for property damage caused by an occurrence within the coverage territory.

16. The Lawsuit alleged a claim for property damage caused by an occurrence within the coverage territory arising from the work of VL Concrete, and DRH was sued for the same.

17. Pursuant to the language of the Frankenmuth Policy and such other policy documents as may be pertinent, DRH is an insured under the Frankenmuth Policy.

18. DRH demanded that Frankenmuth provide DRH with a defense in the Lawsuit and that it indemnify DRH against the damages claimed therein. Frankenmuth, without any good faith basis for denial, failed and refused to defend or indemnify DRH.

19. As a result of Frankenmuth's failure and refusal of DRH's tender, DRH was forced to incur the expenses defending and settling the Lawsuit.

## FACTUAL ALLEGATIONS SPECIFIC TO MSA

20. RL Grading provided labor and materials for, among other things, the grading of the New Residences ("the Work"). RL Grading performed the Work pursuant to an Independent Contractor Agreement between RL Grading and DRH dated December 9, 2014 (hereinafter "the RL Grading Contract").

21. RL Grading performed subcontractor services, including the Work on the New Residences, pursuant to the RL Grading Contract, and DRH is entitled to enforce the rights arising thereunder.

22. Pursuant to the RL Grading Contract, RL Grading was required to maintain a commercial general liability policy naming DRH as an additional insured.

23. As evidenced by the Certificate of Insurance, MSA issued a policy of commercial general liability insurance on an occurrence form to RL Grading bearing policy number MPG7374J, and having effective period beginning November 23, 2016 and renewed through November 23, 2017, and under which DRH was named an additional insured (hereinafter "the MSA Policy").

24. The MSA Policy obligates MSA to defend an insured against a claim for property damage caused by an occurrence within the coverage territory.

25. The Lawsuit alleged a claim for property damage caused by an occurrence within the coverage territory arising from the work of RL Grading, and DRH was sued for the same.

26. Pursuant to the language of the MSA Policy and such other documents as may be pertinent, DRH is an insured under the MSA Policy.

27. DRH demanded that MSA provide DRH with a defense in the Lawsuit and that it indemnify DRH against the damages claimed therein. MSA, without providing meaningful response to DRH's tender, and without any good faith basis for denial, failed and refused to defend or indemnify DRH.

28. As a result of MSA's failure and refusal of DRH's tender, DRH was forced to incur the expenses defending and settling the Lawsuit.

### FOR A FIRST CAUSE OF ACTION AGAINST FRANKENMUTH
**(Bad Faith - Tort)**

29. DRH incorporates paragraphs 1 through 28 of the complaint by reference as if fully set forth herein.

30. There exists a mutually binding contract of insurance between DRH and Frankenmuth.

31. Alternatively, DRH, as an additional insured under the Frankenmuth Policy, is a third party beneficiary of a mutually binding insurance contract between Frankenmuth and VL Concrete.

32. Frankenmuth failed to exercise reasonable care or diligence in failing and refusing to provide a defense or indemnity to DRH in connection with the Lawsuit, despite its contractual duty to do so.

33. Frankenmuth's conduct in refusing to defend or indemnify DRH was unreasonable, willful, and in reckless disregard of DRH's rights under the Frankenmuth Policy.

34. As a result of Frankenmuth's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by Frankenmuth.

35. DRH is entitled to an award of actual, consequential and punitive damages against Frankenmuth.

<u>**FOR A SECOND CAUSE OF ACTION AGAINST FRANKENMUTH**</u>
**(Bad Faith - Breach of Insurance Contract)**

36. DRH incorporates paragraphs 1 through 35 of the complaint by reference as if fully set forth herein.

37. This cause of action is brought pursuant to S.C. Code Ann. § 38-59-40 (1987, as amended).

38. There exists a mutually binding contract of insurance between DRH and Frankenmuth.

39. Alternatively, DRH, as an additional insured under the Frankenmuth Policy, is a third party beneficiary of a mutually binding insurance contract between Frankenmuth and VL Concrete.

40. Frankenmuth's refusal to provide a defense or indemnity to DRH is a result of Frankenmuth's bad faith or unreasonable action in violation of the implied warranty of good faith and fair dealing arising from the contract.

41. As a result of Frankenmuth's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by Frankenmuth.

42. DRH is entitled to an award of actual and consequential damages against Frankenmuth, as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

## FOR A THIRD CAUSE OF ACTION AGAINST FRANKENMUTH
### (Breach of Contract)

43. DRH incorporates paragraphs 1 through 42 of the complaint by reference as if fully set forth herein.

44. There exists a mutually binding contract of insurance between DRH and Frankenmuth.

45. Alternatively, DRH, as an additional insured under the Frankenmuth Policy, is a third party beneficiary of a mutually binding insurance contract between Frankenmuth and VL Concrete.

46. Frankenmuth failed and refused to provide a defense or indemnity to DRH in connection with the underlying Lawsuit despite its contractual duty to do so.

47. As a result of Frankenmuth's breach of contract, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by Frankenmuth.

48. DRH is entitled to an award of actual and consequential damages against Frankenmuth, as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

## FOR A FIRST CAUSE OF ACTION AGAINST MSA
### (Bad Faith - Tort)

49. DRH incorporates paragraphs 1 through 48 of the complaint by reference as if fully set forth herein.

50. There exists a mutually binding contract of insurance between DRH and MSA.

51. Alternatively, DRH, as an additional insured under the MSA Policy, is a third party beneficiary of a mutually binding insurance contract between MSA and RL Grading.

52. MSA failed to exercise reasonable care or diligence in failing and refusing to provide a defense or indemnity to DRH in connection with the Lawsuit, despite its contractual duty to do so.

53. MSA's conduct in refusing to defend or indemnify DRH was unreasonable, willful, and in reckless disregard of DRH's rights under the MSA Policy.

54. As a result of MSA's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by MSA.

55. DRH is entitled to an award of actual, consequential and punitive damages against MSA.

## FOR A SECOND CAUSE OF ACTION AGAINST MSA
### (Bad Faith - Breach of Insurance Contract)

56. DRH incorporates paragraphs 1 through 55 of the complaint by reference as if fully set forth herein.

57. This cause of action is brought pursuant to S.C. Code Ann. § 38-59-40 (1987, as amended).

58. There exists a mutually binding contract of insurance between DRH and MSA.

59. Alternatively, DRH, as an additional insured under the MSA Policy, is a third party beneficiary of a mutually binding insurance contract between MSA and RL Grading.

60. MSA's refusal to provide a defense or indemnity to DRH is a result of MSA's bad faith or unreasonable action in violation of the implied warranty of good faith and fair dealing arising from the contract.

61. As a result of MSA's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by MSA.

62. DRH is entitled to an award of actual and consequential damages against MSA, as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

### FOR A THIRD CAUSE OF ACTION AGAINST MSA
### (Breach of Contract)

63. DRH incorporates paragraphs 1 through 62 of the complaint by reference as if fully set forth herein.

64. There exists a mutually binding contract of insurance between DRH and MSA.

65. Alternatively, DRH, as an additional insured under the MSA Policy, is a third party beneficiary of a mutually binding insurance contract between MSA and RL Grading.

66. MSA failed and refused to provide a defense or indemnity to DRH in connection with the underlying Lawsuit despite its contractual duty to do so.

67. As a result of MSA's breach of contract, DRH has been damaged in the form of attorneys' fees and costs expended in defending and settling the Lawsuit, which should have been paid by MSA.

68. DRH is entitled to an award of actual and consequential damages against MSA, as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiff, D.R. Horton, Inc. prays that this Court:

1. Render judgment in its favor against the Defendants Frankenmuth and MSA as to each of the Causes of action alleged above;

2. Award it actual and consequential damages against the Defendants, to include, without limitation, reimbursement for all attorneys' fees and defense costs incurred in defense of the Lawsuit;

3. Award it punitive damages against Defendants;

4. Award it the attorneys' fees and costs incurred in the prosecution of this action against Defendants; and

5. For such other and further relief as the Court deems just and proper.

Dated this 29th day of July, 2020.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:/s/ Olivia B. Broderick_____
Olivia B. Broderick (Fed. I.D. No. 12907)
Kirsten M. Peterson (Fed. I.D. No. 13280)
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-8806
olivia.broderick@ogletree.com
kirsten.peterson@ogletree.com

*Attorneys for Plaintiff,*
*D.R. Horton, Inc.*

43466998.2